UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VERNON S. RIVET, JR.,<br>    Plaintiff,<br><br>v.<br><br>LOWELL POLICE DEPARTMENT, et al.,<br>    Defendant. | Civil Action No.<br>17-12551-NMG |

MEMORANDUM AND ORDER

GORTON, J.

For the reasons set forth below, the Court directs the plaintiff to file a second amended complaint.

I. **Background**

On June 15, 2018, the Court issued an order (Docket No. 6) granting pro se litigant Vernon S. Rivet, Jr.'s motion for leave to proceed in forma pauperis and directing him to file an amended complaint. The Court explained that his original complaint did not meet the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure ("Rule 8(a)(2)"). The Court explicitly stated that the amended complaint must identify "what each defendant did that caused [Rivet] harm or violated his rights, including the dates and places of that involvement or conduct." Id.

Rivet timely filed an amended complaint (Docket Entry No. 7), the factual allegations of which consist entirely of the following generalized statements:

> Officer's Durcharme, Roussell, and Gatto excessive use of force on an elderly and mentally disabled person.
> Officer T. Sullivan theft from a person in

>        incarceration. Two 1899-1900 Indian head pennies.
>             Norman Watne abuse of an elderly an mentally
>        disabled person
>        and violation of an abuse prevention order.
>             Mike Rapozza conspiring with L.P.D. an giving
>        execution order via sign language.

Amend. Compl. at 1 (as in original).

Rivet states this Court has jurisdiction under 10 C.F.R. § 1047.7, 42 U.S.C. § 1983, 7 U.S.C. §, and 18 U.S.C. §§ 103, 115, 1511. He "seeks damages to overall general health, duress, loss of time and almost life as well as conspiring an nefarious acts in the amount of 5 million us dollars." Id. (as in original).

## II. Discussion

While the amended complaint is more clear than the original complaint, it still falls short of the requirements of Rule 8(a)(2). In an attempt to file a "short and plain" statement of his claim, Rivet erred by reducing his claims down to broad assertions. For example, he alleges that three officers are liable for "excessive use of force on an elderly and mentally disabled person." Compl. at 1. However, he does not specify who the victim was (presumably the plaintiff, but the pleading must explicitly so state), when and where the excessive use of force occurred, and the conduct which allegedly amounted to excessive use of force (e.g., physically beating the victim with their hands, kicking the victim, deliberately applying handcuffs too tightly, using a chemical agent, etc.).

If Rivet chooses to pursue this action, he must file a second amended complaint in which he identifies the specific

2

actions of each defendants, including when and where they occurred. See Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (Rule 8(a)(2) requires that a pleading must "at least set forth minimal facts as to who did what to whom, when, where, and why") (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 68 (1st Cir. 2004))).

As an amended pleading supercedes all earlier-filed pleadings, see Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008), Rivet should repeat in the second amended complaint any allegations in the original or amended complaint that he wishes to be part of the operative complaint. Under Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The document should bear the title "Second Amended Complaint."

### ORDER

In accordance with the foregoing, Rivet is directed to file a second amended complaint. Failure to comply with this directive within thirty-five (35) days from the date of this Memorandum and Order will result in dismissal of this action.

**So ordered.**

/s/ Nathaniel M. Gorton
_____
Nathaniel M. Gorton
United States District Judge

Dated: 7/27/18