```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                              |   |                      |
|------------------------------|---|----------------------|
| **VERNON S. RIVET, JR.,**    ) |                      |
|     **Plaintiff,** ) |                      |
|                              ) |                      |
|     v.   ) | Civil Action No.     |
|                              ) | 17-12551-NMG         |
| **LOWELL POLICE DEPARTMENT, et al.,** ) |                |
|     **Defendant.** ) |                   |

# MEMORANDUM AND ORDER

**GORTON, J.**

For the reasons set forth below, the Court dismisses this action without prejudice.

## I. Background

On December 22, 2017, *pro se* litigant Vernon S. Rivet, Jr. filed a complaint (Dkt. No. 1), the text of which consisted of the following:

> Since the beating I found out that it was all planned out by Adam Dusheram through Jennifer Allen Norman's ex-wife. She told me who was involved with this all planned out. Nov. 2, 2017 is when she told me this and said that she would write me a letter. Also she stated who was involved Normant Wiatne with police Mike Rapossa with Kaynic Corp, who bought my 36 acre junk yard and no clean-up of the property. Web site's www.townfarmlane.com/ and the pollution done I was illegally sold I was willed to me in the Book of Willis by John Bonano who also did time for [?] the machines. Roge Adam Ducharm. EAL Police, No. 8.17.

Compl. at 1 (spelling, punctuation, and capitalization standardized in part). The complaint was accompanied by twenty pages of exhibits.

On June 15, 2018, the Court issued an order (Dkt. No. 6) granting Rivet's motion for leave to proceed *in forma pauperis* and directing him to file an amended complaint. The Court

explained that his original complaint did not meet the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure ("Rule 8(a)(2)"). The Court explicitly stated that the amended complaint must identify "what each defendant did that caused [Rivet] harm or violated his rights, including the dates and places of that involvement or conduct." Id.

Rivet timely filed an amended complaint (Dkt. No. 7). While the amended complaint was more comprehensible than the original complaint, the claims therin consisted entirely of generalized statements of wrongdoing. In a memorandum and order dated July 27, 2018 (Dkt. No. 8), the Court directed Rivet to file a second amended complaint in which he identified the specific action of each defendant, including when and where the relevant events occurred. The Court specifically directed Rivet to title the document as a "Second Amended Complaint."

On September 4, 2018, the Court received an untitled document from Rivet (Dkt. No. 9), which was docketed as a letter. Although not captioned as a second amended complaint, the Court assumes that the document was filed in response to the Court's July 27, 2018 memorandum and order. For ease of reference, the Court will refer to the document as the second amended complaint.[1]

---

[1] On September 6, 2018, Rivet filed a document (Dkt. No. 10) consisting of the second amended complaint, amended complaint, original complaint, exhibits to the original complaint, the Court's earlier orders. To the extent Rivet filed this document intending that his three pleadings be treated collectively as his second amended complaint, the document does not meet the pleading requirements of Rule 8(a)(2).

2

## II. Discussion

The second amended complaint does not comply with Rule 8(a)(2). The Court can surmise that Rivet is complaining of a range of alleged misconduct: he was almost beaten to death by the Lowell Police Department in 2015; he was falsely accused of "going after" his former wife; state employees forcibly took sand from Rivet's property and replaced it with debris from the "Big Dig" construction project, causing an aquifer to reroute; a government employee tore the will of Rivet's father out of a "book of wills"; Rivet's neighbor assaulted him; Rivet's neighbor and another person broke into Rivet's residence and stole his personal property; and a police officer interviewed Rivet about his neighbor's wrongful conduct. See Second Amend. Compl. (Dkt. No. 9).

However, a pleading that merely provides a vague understanding of the plaintiff's claims does not meet the requirements of Rule 8(a)(2). As a threshold matter, Rivet has not clearly identified the defendants. Even if the Court assumes that all persons mentioned in second amended complaint are defendants, the pleading is nonetheless insufficient. For the most part, Rivet does not clearly identify what each defendant did that caused him harm or violated his rights, including the dates and places of the defendants' alleged misconduct.

Rivet's factual assertions concerning two matters arguably rise to the level of well-pled factual allegations, but they do not save this action for different reasons. Rivet claims that on

3

August 28, 2018, a police officer who identified himself as Timothy Roussell questioned Rivet about the assault by his neighbor.  Rivet asked the officer about the "other Timothy Roussell who works on the force." Id. at 2.  The officer responded that "he was the only Tim Roussell on the police force with this name and that he had been on the force since before the beating in [December] 2015." Id.  Rivet thought there was "something . . . up with this" because he had "known Tim Roussell since 1968 in high school." Id.  He believed that "the chief of the Lowell police [was] up to something by sending this man here to interview [Rivet] about this incident." Id.  While the factual assertions are arguably clear, the Court cannot reasonably infer therefrom any wrongdoing.  In other words, any claim of misconduct is not plausible.  See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief," and "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief'" (quoting Fed. R. Civ. P. 8(a)(2) (alteration in original)).

Rivet's factual allegations of claims of assault and theft by his neighbor are presumably sufficiently pled for purposes of Rule 8(a)(2).  However, they arise under state law.  In the absence of a separate claim arising under federal law or a state law claim against defendants who do not reside in Massachusetts, the Court does not have subject matter jurisdiction over Rivet's

state law claims.  See 28 U.S.C. §§ 1331, 1332, 1367.

**ORDER**

In accordance with the foregoing, this action is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**So ordered.**

                                         /s/ Nathaniel M. Gorton  
                                         Nathaniel M. Gorton  
                                         United States District Judge  
Dated: 10/11/18